UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 14 - 1602**

-------------------------------------------------X

DONALD SUTHERLAND,

              Plaintiff,

-against-

THE CITY OF NEW YORK,
NEW YORK CITY DEPARTMENT
OF EDUCATION, SCHOOL SAFETY
AGENT JOHN ALBERT  AND AGENTS
"JOHN DOE (1) - (4)", EACH SUED
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY,

              Defendants.

**VERIFIED COMPLAINT
AND DEMAND FOR
A JURY TRIAL**

KUNTZ, J.

SCANLON, M.J.

-----------------------------------------------------X

    1.  This is an action for compensatory and punitive damages for violation of Plaintiffs' rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the United States, and violation of New York State law, by reason of the unlawful acts of defendants.

## JURISDICTION

    2.     This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3.      Plaintiff is a resident of Queens County, New York City in New York State.

4.      At all times hereinafter mentioned, the Defendant Police Officers were employees of the New York City Department of Education (HEREINAFTER REFERRED TO AS "D.O.E.") acting within the scope and authority of their employment. They are being sued individually and in their official capacity as New York City Police Officers.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the D.O.E. and employed the individual Defendants sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the D.O.E.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officer involved in the violation of civil rights of the plaintiff.

## FACTS

9.      On or about April 17, 2013, at approximately 10:15 a.m., plaintiff was at his

2

school, August Martin High School, at 156-10 Baisley Boulevard, in Queens.

10.      Plaintiff was in the vestibule waiting to go through the metal detectors when he was confronted by School Safety Agent Albert.

11.      Agent Albert told plaintiff to leave because he was late.

12.      When plaintiff questioned Agent Albert as to why he was required to leave the premises, Agent Albert proceeded to grab plaintiff and pushed him against the wall.

13.      When plaintiff tried to stop Agent Albert from assaulting him, Agent Albert grabbed him by the throat, he and other unnamed officers tackled plaintiff to the ground, and they continued to assault and arrest plaintiff.

14.      Plaintiff spent approximately 12 hours in custody before he was released from custody by the judge at his arraignment.

15.      Upon his release plaintiff went to Kingsbrook Jewish Hospital for evaluation, as his lower back was in extreme pain.

16.      X-rays were negative. Plaintiff was prescribed a muscle relaxant.

17.      Plaintiff was suspended from school for a few weeks, as Agent Albert accused plaintiff of Disorderly Conduct, Harassment and Resisting Arrest.

18.      Agent Albert falsely accused plaintiff of refusing repeated requests to leave the lobby, and grabbing Albert by the shirt, pushing him and refusing to place his hands behind his back.

19.      A School Suspension Hearing was held on May 1, 2013.

20.      By a decision dated July 18, 2013, the Office of Safety and Youth Development found Agent Albert "not a credible witness" and lifted plaintiff's suspension.

21.      Plaintiff paid $4,500 for a criminal defense attorney, and on August 5, 2013, the criminal case against plaintiff was dismissed (Dkt. 2013QN020932).

22.     Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent / incompetent police officers from their duties, including but not limited to the fact that Defendants City and/or D.O.E. knew of the individual Defendant's tendencies to make unlawful arrests, unlawful seizures, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

23. Defendant City knew or should have known that prior to April 17, 2013, of the perpetration of unlawful arrests and other unlawful acts by the defendant was occurring, in that, upon and information and belief, there were prior reports of such unlawful conduct by this specific officer.

24. Defendant City and D.O.E., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or D.O.E. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

## CONDITIONS PRECEDENT

25. On August 28, 2013, a Notice of Claim was served upon the Defendant New York City and the Department of Education, setting forth:

a)     The name and post office address of the Claimant and his attorney;
b)     The nature of the claim;
c)     The time when, the place where, and the manner in which the claim arose;
d)     The items of damages and injuries sustained so far as practicable.

26.   The Notice of Claim was served upon the Defendant within 90 days after Plaintiff's cause of action accrued.

4

27.     No 50-H deposition was ever requested by the City or D.O.E.

28.     New York City and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

29.     This action has been commenced within one year and 90 days after Plaintiff's cause of action accrued.

30.     Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

### FOR A FIRST CAUSE OF ACTION FOR
### VIOLATION OF CIVIL RIGHTS

31. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

32. As a result of their actions. Defendants, under "color of law", deprived plaintiff of his right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

33.     Defendant subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs rights would be violated by his actions.

34. As a direct and proximate result of the acts of Defendants, Plaintiff suffered physical injuries, endured great pain and mental suffering, and was deprived of his physical liberty.

## SECOND CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS

35.     Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

36.     As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

37.     Defendants subjected plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

38.     These Defendant officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other officers from using excessive force although they were in a position to do so.

39.  As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid.  All Defendants are liable for said damage and injuries.

## THIRD CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS

40.  Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

41.  Defendant City and D.O.E., as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, including plaintiff, violating Plaintiff's rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the U.S. and 42 U.S.C. 1983.

6

42. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and D.O.E., defendant officers committed the unlawful acts referred to above. Thus, Defendants are liable for plaintiff's injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR
## ABUSE OF PROCESS AND MALICIOUS PROSECUTION

43.    Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

44.    In instigating, ordering, validating, procuring and assisting in the arrest of Plaintiff, Defendant officer, acting within the scope of his employment, "under color of law", and on behalf of his employer,   maliciously prosecuted Plaintiff without reasonable or probable cause and with full knowledge that the charges were false.

45.    As a result of said abuse of process and malicious prosecution, plaintiff was compelled to come to court. On or about August 5, 2013 all charges were dismissed.

46.    As a result of the aforesaid occurrence, plaintiff was caused to and did suffer the damages and injuries aforesaid.  All defendants are liable for said damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated plaintiffs' rights under state law, and violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiffs rights under State law; and,

2. Enter a judgment, jointly and severally, against defendants, and The City of New York for compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against the Defendant officer and The City of New York for punitive damages in the amount of ONE MILLION ($1,000,000.00) Dollars; and,

4. Enter an Order:

a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       March 10, 2014

RESPECTFULLY,

STEVEN A. HOFFNER, ESQ.
Attorney for the Plaintiff
325 Broadway, Suite 505
New York, New York 10007
Tel:   (212) 941-8330
Fax:   (212) 941-8137
(SH-0585)